UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CATHRYN BOWEN,<br><br>        Plaintiff,<br><br>   v.<br><br>JPMORGAN CHASE BANK, USA, N.A., et al.,<br><br>        Defendants. | CASE NO. C18-5568 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND |

This matter comes before the Court on Defendants JPMorgan Chase Bank, USA, N.A. ("Bank"), and Kesha Rogers's ("Rogers") motion to dismiss (Dkt. 8) and Plaintiff Cathryn Bowen's ("Bowen") motion for leave to file an amended complaint (Dkt. 15). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

## I.  PROCEDURAL HISTORY

On June 25, 2018, Bowen filed a complaint in Thurston County Superior Court for the State of Washington against numerous defendants including the Bank and Rogers.

ORDER - 1

Dkt. 1-2 ("Comp."). Bowen asserts claims for violations of due process, the Fair Debt Collection Practices Act ("FDCPA"), and the Freedom of Information Act ("FOIA"). *Id*.

On July 17, 2018, the Bank and Rogers ("Defendants") removed the matter to this Court. Dkt. 1.

On July 24, 2018, Defendants moved to dismiss the complaint. Dkt. 8. On August 16, 2018, Bowen responded. Dkt. 12. On August 24, 2016, Defendants replied. Dkt. 14. On September 10, 2018, Bowen filed a motion for leave to amend her complaint. Dkt. 15. On September 18, 2018, Defendants responded. Dkt. 16.

## II. FACTUAL BACKGROUND

On March 10, 2014, Bowen obtained a secured loan from the Bank in the amount of $24,119.51 to purchase a vehicle. Comp. at 3. Bowen asserts that the Bank is not authorized to loan money because only the U.S. Government may loan money through the Department of Treasury. *Id*. at 4. Thus, on April 20, 2017, Bowen made a presentment to the Bank, which she alleges the Bank accepted. *Id*. The presentment was in the amount of $14,246.21, and Bowen alleges it was a negotiable instrument that was neither returned nor applied to her loan. *Id*. On August 31, 2017, Bowen made a FOIA request to the Bank for a complete and verified transaction history of her account. *Id*. at 5. Rogers, an employee of the Bank, failed to respond to the FOIA. *Id*. Based on these allegations, Bowen asserts that the Bank violated her due process rights, failed to respond to a proper FOIA request, and violated the FDCPA when it attempted to repossess her car. *Id*. at 6–7.

## III. DISCUSSION

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In this case, Defendants move to dismiss Bowen's claims because they fail as a matter of law. Dkt. 8 at 6–11. The Court agrees. Neither the Bank nor Rogers acted under color of law, and therefore Bowen's due process claim fails as a matter of law. *See* 42 U.S.C. § 1983. Bowen has failed to show that the Bank is a federal agency subject to FOIA, and therefore Bowen's FOIA claim fails as a matter of law. *See* 5 U.S.C. § 552. Finally, the Bank is not a creditor under the FDCPA because it was attempting to recover its own debt. 15 U.S.C. § 1692a(6)(F). Therefore, the Court grants Defendants' motion on all of Bowen's claims against Defendants.

In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

In this case, the Court finds that any amendment would be futile because Bowen's claims fail as a matter of law. Therefore, the Court dismisses Bowen's claims against Defendants with prejudice and without leave to amend. Likewise, the Court denies Bowen's motion for leave to amend because she fails to establish that any deficiency would be cured by any amendment.

The final issue is the remaining named defendants. On this issue, Defendants assert that they are the only true defendants and that the caption should be corrected to reference only them. Dkt. 8 at 2 n.1. Bowen alleges that the Bank is also organized as the other entities. Comp. at 2. Based on this allegation, the Court agrees with the Bank that the only true defendants are the Bank and Rodgers. Therefore, the Court concludes that Bowen's entire complaint should be dismissed.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 8) is **GRANTED** and Bowen's motion for leave to file an amended complaint (Dkt. 15) is **DENIED**. The Clerk shall enter a JUDGMENT and close the case.

Dated this 27th day of September, 2018.

BENJAMIN H. SETTLE
United States District Judge